**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Louis Sheptin,                                                                          Civil No. 08-5877 ADM/AJB

                              Plaintiff,

v.                                                                          **REPORT AND RECOMMENDATION**
                                                                            **FOR DISMISSAL OF ACTION**

SmarteCarte Corporation,

                              Defendant.


        This matter is before the Court, Magistrate Judge Arthur J. Boylan, *sua sponte*,

for Report and Recommendation that this case be dismissed without prejudice.  Plaintiff Louis

Sheptin commenced this action *pro se*, by complaint filed on October 30, 2008.[1]   The Complaint

alleges that defendant SmarteCarte Corporation is liable for the loss of medical records,

medications, and personal items that plaintiff had temporarily stored in a secured locker at the

Chicago Greyhound bus terminal.  The plaintiff seeks $500,000 compensatory damages for

medical injuries and property loss, along with $1,000,000 punitive damages.

        Defendant denied the liability allegations and asserted numerous affirmative

defenses by answer filed on November 13, 2008.[2]   On November 18, 2008,  an Order of Pretrial

Conference[3] was issued.  The order set  January 13, 2009, as the date of said conference which

was to take place at the U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota.  Each

party was therein advised to prepare and file a report as particularly described in the notice.

---

[1]  Docket No. 1.

[2]  Docket No. 3.

[3]  Docket No. 5.

Meanwhile, plaintiff had requested leave to proceed *in forma pauperis*.[4]   Plaintiff's request was

granted by Order dated November 21, 2008.  Plaintiff thereafter found fault with the service of

his own summons and complaint, and  moved to strike the answer and the Order setting pretrial

scheduling conference.[5]  The court denied the motion to strike the answer and conference notice

by Order dated January 7, 2009.[6]  In its order, the court further advised the parties that the

pretrial scheduling conference would proceed as scheduled on January 13, 2009; that reports

were to be submitted by January 12, 2008, and could be submitted by either FAX or e-mail; and

that the parties could appear by telephone.  Defendant timely filed its pretrial report on January

12, 2009,[7] and counsel appeared at the conference on January 13, 2009.  Plaintiff did not file a

report and did not appear at the pretrial conference by telephone or otherwise.  The court is not

aware of any efforts by plaintiff to contact the court at any time immediately prior to or on the

day of the pretrial conference, or promptly thereafter.[8]

        At the pretrial conference on January 13, 2009, defendant's counsel, Todd L.

Nissen, Esq., advised the court that he considered the action to have been brought in bad faith.

Defense counsel argues that plaintiff is an experienced litigator who very much is aware that a

party must obey the court's scheduling orders and whom nevertheless failed to appear either in

---

[4]  Docket No. 2.

[5]  Docket No. 7.

[6]  Docket No. 9.

[7]  Docket No. 10.

[8]  An e-mail message dated January 21, 2009, was sent to court chambers by or on behalf of Louis Sheptin-Ruben.  The e-mail refers to the alleged facts and merits of the claims in the case, but contains no reference or explanation whatsoever with respect to the plaintiff's failure to appear at the pretrial conference.

person or by telephone for the pretrial conference.  Defense counsel points to the fact that  Mr.

Sheptin has commenced approximately 140 federal lawsuits, including 18 federal appeals, in the

past.

By Order filed on January 15, 2009,[9] the court instructed defendant's counsel to

submit an affidavit setting forth the previous lawsuits which plaintiff had allegedly filed.  The

Order further advised the parties that the court deemed the plaintiff's failure to appear at the

pretrial conference to be evidence of bad faith, and that upon receipt of an affidavit confirming

defendant counsel's representation regarding the existence of numerous previous lawsuits, the

court would issue a report and recommendation to the district court that the complaint be

dismissed without prejudice and that the plaintiff be permitted to proceed only upon payment of

defense counsel's attorney fees for appearing at the Rule 16 scheduling conference and preparing

an answer and Rule 26(f) report.  Counsel submitted the requested affidavit with exhibits[10]

indicating that Mr. Sheptin has indeed commenced approximately 125 civil actions, as well as a

number of appeals, in federal court.[11]  The affidavit further stated that $750 in attorney's fees had

been incurred by defendant.

Based upon the foregoing Report, the magistrate judge makes the following:

### RECOMMENDATION

---

[9]  Docket No. 14.  The e-mail discussed in footnote 8 makes reference to "bad faith" in a manner that clearly indicates that plaintiff received the court's Order dated January 15, 2009, requiring defense counsel to submit an affidavit consistent with his proffer.

[10]  Affidavit of Todd L. Nissen [Docket No. 13].

[11]  The 140 cases reported by defendant's counsel included several criminal matters.

It is **Hereby Recommended** that this action be **dismissed without prejudice** on grounds that the action was commenced in bad faith as evidenced by plaintiff Louis Sheptin's failure to submit a pretrial report and to appear at pretrial hearing pursuant to Order issued by the court; and plaintiff's failure to advise the court and counsel that he would not appear at the pretrial conference, or to provide good cause for such failure to appear.  Plaintiff should not be permitted to seek reopening of this case, or to file any other action based upon the factual circumstances alleged to be the basis for this case, except upon pre-payment of $750 attorneys' fees to defendant SmarteCarte Corporation.

Dated:    January 26, 2009

                                                              s/ Arthur J. Boylan
                                                           Arthur J. Boylan
                                                           United States Magistrate Judge


        Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before February 9, 2009.