UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Louis Sheptin,

      Plaintiff,    **MEMORANDUM OPINION**
                **AND ORDER**
vs.              Civil No. 08-5877 ADM/AJB

Smarte Carte Corp.,

      Defendant.

_____

Louis Sheptin, pro se

Todd L. Nissen, Esq., Drawe & Maland, Edina, MN, on behalf of the Defendant.
_____

    This matter is before the undersigned United States District Judge on Plaintiff Louis Sheptin's ("Sheptin") Objection [Doc. No. 17] to the Report and Recommendation [Doc. No. 16] ("R&R") of Magistrate Judge Arthur J. Boylan.  Also before the Court is Sheptin's Motion for Sanctions [Doc. No. 19] against Todd L. Nissen, attorney for Defendant Smarte Carte.  For the reasons set forth below, the R&R is adopted and the Motion for Sanctions is denied.

    Sheptin commenced this action alleging that Smarte Carte's negligence resulted in the loss of his medications and ensuing medical distress.  Compl. [Doc. No. 1] ¶ 15.  Judge Boylan issued a Scheduling Order [Doc. No. 5] directing the parties to file a report and appear before him on January 13, 2009.  Sheptin filed a Motion to Strike the Pretrial Order [Doc. No. 7] on December 29, 2008 because Smarte Carte had not been properly served.  On January 7, Judge Boylan denied the motion stating that Sheptin could properly serve Smarte Carte at the pretrial conference.  January 7, 2009 Order [Doc. No. 9] at 1.  Smarte Carte timely filed its papers and appeared at the hearing on January 13, 2009, but Sheptin did neither.  Sheptin did not attempt to

contact Judge Boylan to explain his absence.

At the pretrial conference, Smarte Carte alerted Judge Boylan to the fact that Sheptin has commenced over 120 federal lawsuits. Judge Boylan directed Smarte Carte's counsel to submit an affidavit detailing these lawsuits, and counsel did so. Nissen Aff. [Doc. No. 13]. On January 26, 2009, Judge Boylan issued the R&R recommending Sheptin's motion be dismissed without prejudice on the grounds that Sheptin failed to submit a pretrial report or appear at the pretrial hearing; failed to advise the court he could not appear, and failed to provide good cause for failing to do so. R&R at 4. Judge Boylan also found the number of lawsuits Sheptin has filed in the past suggests bad faith, he "should not be permitted to seek reopening of this case, or to file any other actions based upon the factual circumstances alleged to be the basis for this case, except upon pre-payment of $750 attorneys' fees" to Smarte Carte. Id. The same day, Sheptin submitted an email to this Court stating that he was homeless and did not act in bad faith. Sheptin email [Doc. No. 15].

In reviewing an R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b). A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

Sheptin is able to contact the Court when he wishes, but he failed to do so when directed by the Court. He was on notice for months about the date of this hearing and yet failed even to notify Judge Boylan that he could not attend or submit a report. He then failed to contact Judge Boylan or the Court until after his case had been recommended for dismissal. That same day,

however, he managed to inform this Court that he is homeless and did not have the funds to go back and forth between Minnesota. Sheptin's excuse that he is homeless does not ameliorate his lack of action. He had ample notice of the hearing and plenty of time to make arrangements to appear, file documents or ask for more time. He has commenced scores of lawsuits in federal court and is aware of the need to file documents in a timely fashion, appear before the court, or explain why he cannot. The fact that he chose to offer an explanation after an adverse consequence does not excuse his violation of Judge Boylan's Order. The Court also agrees with Judge Boylan that the number of lawsuits commenced by Sheptin is evidence of bad faith and that pre-payment of Smarte Carte's attorneys' fees should be a pre-requisite to commencing future lawsuits against Smarte Carte. Finally, there is no evidence of bad faith on Nissen's part and, therefore, Sheptin's Motion for Sanctions is denied.

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The R&R [Doc. No. 16] is **ADOPTED**;

2. Sheptin's Objection [Doc. No. 17] is **OVERRULED**;

3. The Complaint [Doc. No. 1] is **DISMISSED WITHOUT PREJUDICE** subject to the limitations in the R&R; and

4. Sheptin's Motion for Sanctions [Doc. No. 19] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: February 20, 2009.